IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL COLE, | : | |
|     Petitioner | : | No. 1:23-cv-00024 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| WARDEN OF FPC-LEWISBURG, | : | |
|     Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241 in which Petitioner Michael Cole ("Cole") seeks resentencing under the First Step Act ("FSA"). The Court will dismiss the petition without prejudice for lack of jurisdiction.

**I.     BACKGROUND**

In December 2016, Cole pleaded guilty to possession with intent to distribute a mixture and substance containing a detectable amount of cocaine and cocaine base in the United States District Court for the Eastern District of Pennsylvania. See United States v. Cole, No. 2:15-cr-00307 (E.D. Pa. Dec. 13, 2016), ECF Nos. 41-42. The court sentenced him to 120 months imprisonment. See id. at ECF No. 50. Cole moved to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 on October 20, 2017. See id. at ECF No. 56. The court denied the motion on April 4, 2018. See id. at ECF No. 65.

On September 14, 2022, Cole filed a petition for writ of habeas corpus in the Eastern District pursuant to 28 U.S.C. § 2241, seeking resentencing under the FSA. See id. at ECF No. 108. The court denied the petition on November 28, 2022, based on its finding that it lacked jurisdiction to consider the petition and lacked jurisdiction to resentence Cole under the FSA. See id. at ECF No. 114. Cole appealed to the United States Court of Appeals for the Third Circuit, see id. at ECF No. 117; United States v. Cole, No. 22-3452 (3d Cir. filed Dec. 29, 2022),

but subsequently moved to withdraw the appeal on January 5, 2022. See id. at ECF No. 6. The Third Circuit granted the motion and dismissed the appeal on January 9, 2022. See id. at ECF No. 7. Cole filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 6, 2022, seeking resentencing under the FSA. (Doc. No. 1.)

## II.  LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. See 28 U.S.C. § 2254 Rule 1.

## III.  DISCUSSION

Dismissal of this case under Rule 4 is appropriate because the Court does not have jurisdiction to consider Cole's petition. Although the district of confinement is ordinarily the proper venue for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, see Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004), here Cole seeks resentencing pursuant to the FSA. The Eastern District's apparently erroneous conclusion to the contrary notwithstanding, the plain language of the FSA requires requests for resentencing to be brought before the sentencing court. See First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (stating that "a court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed"); see also United States v. Easter, 975 F.3d 318, 321 n.2 (3d Cir. 2020) (noting that First Step Act allows previously sentenced inmates to file a motion requesting "the sentencing court" to resentence them (quoting United States v. Venable, 943 F.3d 187, 188-89

(4t Cir. 2019))), abrogated in nonrelevant part by Concepcion v. United States, 597 U.S. __, 142 S. Ct. 2389, 2402 n.6 (2022), as recognized in United States v. Shields, 48 F.4th 183, 190 (3d Cir. 2022).  Hence, Cole's request for resentencing must be brought in the Eastern District, and this Court does not have jurisdiction to consider his habeas corpus petition.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction.  An appropriate order follows.